IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| GOLDBELT WOLF, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:15cv1269 (JCC/JFA) |
| | ) |
| OPERATIONAL WEAR ARMOR, LLC, | ) |
| | ) |
| Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Goldbelt Wolf LLC's ("Plaintiff" or "Goldbelt") Request for Entry of Default [Dkt. 28] and Defendant Operational Wear Armor, LLC's ("Defendant" or "OpWear") Motion to Dismiss for Failure to Effect Service of Process [Dkt. 29].  For the following reasons, the Court denies Defendants' Motion to Dismiss and directs the clerk of court to enter default against Defendant Operational Wear Armor, LLC.

**I. Background**

The facts of this case are laid out at length in this Court's previous Memorandum Opinion in this matter at *Goldbelt Wolf, LLC v. Operational Wear Armor, LLC*, No 1:15cv1269 (JCC/JFA), 2016 WL 726532, *2 (E.D. Va. Feb. 22, 2016) and are expanded upon here only as relevant to the issues now before the

1

Court.

On February 22, 2016, this Court entered an Order [Dkt. 26] and accompanying Memorandum Opinion [Dkt. 25] denying Plaintiff's Motion for Default Judgment, Granting Defendant's Motion to Set Aside Default, and sustaining Defendant's Objection to the Magistrate Judge's Report and Recommendation. That Order provided, *inter alia*, that "Defendant shall file a responsive pleading by March, 2, 2016." (Order, at 1.) Defendant failed to file any responsive pleading by that date. On March 4, 2016, Plaintiff filed a request for entry of default against Defendant. Two days later, on March, 6, 2016, Defendant filed a motion to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) for failure to effect service of process. The same day, Defendant filed a memorandum in opposition to Plaintiff's Request for Entry of Default. Plaintiff filed their opposition to Defendant's Motion to Dismiss for Failure to Effect Service of Process on March 21, 2016. Oral arguments were heard on April 14, 2016, and the motions are now ripe for decision.

## II. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A

defendant in default admits the factual allegation in the complaint. *See* Fed. R. Civ. P. 8(b)(6)("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also, GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003)("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.")

As a jurisdictional matter, a court cannot enter default judgment against a defendant until that defendant has been brought within the court's jurisdiction by adequate service of process. *Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc.*, 744 F.2d 1087, 1089 (4th Cir. 1984). Pursuant to Federal Rule of Civil Procedure 4(h), a corporation, partnership, or other unincorporated association may be served in a judicial district of the United States in the manner prescribed in Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to an officer, managing, or general agent, or any other agent authorized by law to receive service of process. Rule 4(e)(1) provides that an individual may be served in a judicial district of the United States "by following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

At the time the complaint was filed in this case, October 2, 2015, Federal Rule of Civil Procedure 4(m) provided:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m)(2015). On December 1, 2015, amendments to the Federal Rules of Civil Procedure became effective which amended Rule 4(m) to allow only 90 days for service of a complaint.

### III. Analysis

The resolution of both Plaintiff's request for entry of default and Defendant's motion to dismiss for failure to effect service of process hinges upon the question of whether or not Defendant has received effective service of process. While the Court determined in its previous Memorandum Opinion of February 22, 2016 that Defendant had not been properly served prior to entry of the previous default, it does not necessarily follow that Defendant has not subsequently received sufficient service of process. The Court's initial determination was that there was "no evidence suggesting that OpWear became aware of

4

service of process against it *prior to the issuance* of the [initial] default." *Goldbelt Wolf, LLC,* 2016 WL 726532, at *5 (emphasis added).

As this Court previously held, service in this case "could have been effected by following the law of either Tennessee or Virginia." *Id.*, at *2 (citing *Sams v. Heritage Transp., Inc.*, 2013 U.S. Dist. LEXIS 45906, *5 (D.S.C.)). The Court's previous Memorandum Opinion held that service was not effective under Virginia's curing statute, Virginia Code § 8.01-288, because there was no showing that a summons or other court issued notice had reached an appropriate party at OpWear. *Id.* at *5. Defendant now concedes that its counsel received and read the Court's Memorandum Opinion and Order of February 22, 2016. (Def.'s Mem. in Supp. of Mot. to Dismiss, MacLean Declaration [Dkt. 30-1] ¶ 9.) That Order provided, *inter alia*, that "Defendant shall file a responsive pleading by March, 2, 2016." (Order, at 1.) This Order was court issued notice to Defendant that a suit had been commenced against it and that it had to respond by March 2, 2016 or face the consequences of default. Defendant has previously admitted that it has long been in possession of a copy of the complaint brought against it by Plaintiff. (Def.'s Rep. in Supp. of Mot. to Set Aside Default, Ex. D., Lemon Declaration [Dkt. 22-1]). Upon receipt of the Court's Order, Defendant had received both a copy of the

5

complaint and court issued notice of the complaint and the consequences of default.  Therefore, Defendant's receipt of the Court's Order provided sufficient process to bring Defendant within the scope of the curing provision of Virginia Code § 8.01-288.  *See Lifestar Response of Md., Inc. v. Vegosen,* 594 S.E.2d 589, 591 (Va. 2004)(finding that curing provision did not apply where Defendant had received a copy of the motion for judgment but had not received court issued "notice" of the motion for judgment).

   Additionally, since the issuance of the initial default, Defendant has received both the Magistrate Judge's Report and Recommendation and this Court's previous Memorandum Opinion and Order.  Defendant can therefore no longer maintain that they were not aware of Plaintiff's attempted service of process against it.  Under Virginia Code § 8.01-288, once process comes to the defendant's attention, it is of no consequence that the means by which Plaintiff initially attempted to serve process were improper. *Pennington v. McDonnell Douglas Corp.*, 576 F. Supp. 868, 872 (E.D. Va. 1983); *See also Hill v. McIntyre*, 30 Va. Cir. 163, (1993)(initially improper service effective where circumstances and the defendants subsequent actions indicated they had eventually received process);  *In re Motorsports Merchandise Antitrust Litigation*, 186 F.R.D. 344, 349 (W.D. Va., 1999)(service of

6

subpoena effective under Va. Code § 8.01-288 where it was clear that the "subpoena had come to the attention of the appropriate corporate representatives, who had reviewed the subpoena and had retained counsel to represent the corporation . . ."). Both the Magistrate Judge's Report and Recommendation and the Court's prior Memorandum Opinion clearly describe the issuance of the summons in this case and Plaintiff's attempts to serve process on Defendant. In fact, Defendant's CEO, Wade Lemon, has previously admitted that he received notice "of *service of this lawsuit* [] when the Proposed Findings of fact and Recommendation were forwarded to [him] by email on December 23, 2015, the day after OpWear received it by mail from the Court on December 22, 2015." (Def.'s Rep. in Supp. of Mot. to Set Aside Default, Ex. D., Lemon Declaration [Dkt. 22-1] ¶ 2 (emphasis in original).) Because Plaintiff's attempted service of process had come to Defendant's attention no later than February 22, 2016 and Defendant was notified by the Court's Order issued that day that they needed to file a responsive pleading, the Court finds that Virginia's curing statute applied at that point. Accordingly, service of process was effective pursuant to Federal Rule of Civil Procedure 4(e)(1) and Virginia Code § 8.01-288 no later than February 22, 2016.

Because service of process was effective under Virginia's curing statute and Defendant failed to file a

7

responsive pleading by March 2, 2016, as instructed by the Court in its February 22, 2016 Order, the Court directs the Clerk of Court to grant the Plaintiff's Request for Entry of Default and enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a).

As discussed above, service of process was accomplished in this case no later than February 22, 2016.  This places the date of service of process well outside the 90 days provided for by Federal Rule of Civil Procedure 4(m) as amended.  However, Plaintiff incorrectly but arguably believed that they had properly effected service of process prior to the Court releasing its previous Memorandum Opinion and Order on February 22, 2016.  Plaintiff therefore had good cause for any delay in effecting service of process up to that date.  The Court now holds that service was effective as of February 22.  Accordingly, even applying Rule 4(m) as amended, the Court finds that Plaintiff had "good cause for the failure".  Fed. R. Civ. P. 4(m).  Accordingly, the Court denies Defendant's Motion to Dismiss for Failure to Serve Process.

## IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff's Request for Entry of Default, Denies the Defendant's Motion to Dismiss for Failure to Effect Service of Process, and

instructs the Clerk of Court to enter default against the Defendant.

        An appropriate Order shall issue.

|  | /s/ |
|---|---|
| May 3, 2016 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |