IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
GOLDBELT WOLF, LLC,            )
                              )
            Plaintiff,        )
                              )
v.                            )   Civil Action No. 1:15cv1269 (JCC/JFA)
                              )
OPERATIONAL WEAR ARMOR, LLC,  )
                              )
            Defendant.        )
_____)
```

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's Request for Default Judgment Under Rule 55 (Docket no. 47) ("motion for default judgment"). In the instant motion, Goldbelt Wolf, LLC ("plaintiff" or "Goldbelt") seeks a default judgment against Operational Wear Armor, LLC ("defendant" or "OpWear"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On October 2, 2015, plaintiff filed the complaint in this matter alleging that defendant breached six purchase-order agreements by its failure to pay plaintiff for goods it received pursuant to the agreements. (Docket no. 1) ("Compl."). Upon the filing of the complaint, a summons was issued for service on defendant in Indianapolis, Indiana (Docket no. 3), which was returned unserved on October 27, 2015 (Docket no. 4). On October 27, 2015, an alias summons was issued for service on defendant in Jacksboro, Tennessee. (Docket no. 5). On November 2, 2015, Sharon Schwartz, an employee at OpWear, was served personally with a copy of the summons and complaint. (Docket no. 6 at 2).

On December 1, 2015, the District Judge entered an order instructing plaintiff to obtain immediately an entry of default from the Clerk of Court pursuant to Fed. R. Civ. P. 55(a), and subsequently file a motion for default judgment, an accompanying memorandum, and a notice setting a hearing on the motion for no later than January 8, 2016. (Docket no. 8). Also on December 1, 2015, plaintiff filed its request for entry of default as to the defendant. (Docket no. 7). On December 2, 2015, the Clerk of Court entered the default of the defendant pursuant to Fed. R. Civ. P. 55(a). (Docket no. 9). On December 9, 2015, plaintiff filed a motion for default judgment (Docket no. 10) ("first motion for default judgment"), an affidavit of Philip Livingston, the general counsel of Goldbelt, Inc. (Docket no. 10-1 at 1–3) ("First Livingston Aff.") with attached exhibits (Docket no. 10-1 at 4–10), and a notice setting a hearing on the motion for December 18, 2015 (Docket no. 11). In response to an inquiry from the court, plaintiff filed a second affidavit of Philip Livingston, addressing the issue of the citizenship of the parties. (Docket no. 12) ("Second Livingston Aff."). On December 18, 2015, counsel for the plaintiff appeared at the hearing before the undersigned and no one appeared on behalf of the defendant. (Docket no. 13). After the hearing, the undersigned entered a Proposed Findings of Fact and Recommendations on December 18, 2015, which recommended that plaintiff's first motion for default judgment be granted and default judgment be entered in favor of plaintiff against defendant. (Docket no. 14).

On January 4, 2016, counsel made an entry of special appearance on behalf of defendant (Docket no. 15), and additionally, filed a motion to set aside entry of default (Docket no. 16) and an objection to the undersigned's Proposed Findings of Fact and Recommendations entered on December 18, 2015 (Docket no. 18). Defendant's motion to set aside entry of default was noticed to be heard before the District Judge on February 4, 2016. (Docket no. 20). On February

4, 2016, the parties appeared before the District Judge to present argument on defendant's motion to set aside default, which was taken under advisement. (Docket no. 23). On February 22, 2016, the District Judge denied plaintiff's first motion for default judgment, granted defendant's motion to set aside default, and sustained defendant's objection to the Proposed Findings of Fact and Recommendations entered on December 18, 2015, finding defendant had not been served properly under Tennessee or Virginia law. (Docket nos. 25, 26). The District Judge further ordered defendant to file a responsive pleading in this action by March 2, 2016. (Docket no. 26). Defendant failed to file a responsive pleading by that deadline.

Upon defendant's failure to file a responsive pleading, plaintiff filed a request for entry of default against defendant on March 4, 2016. (Docket no. 28). On March 6, 2016, defendant filed a motion to dismiss for failure to effect service of process (Docket no. 29), which was noticed for a hearing before the District Judge on April 14, 2016 (Docket no. 33). On April 13, 2016, counsel for defendant also filed a motion to withdraw (Docket no. 39).

On April 14, 2016, the parties appeared before the District Judge to present argument on defendant's motion to dismiss for failure to effect service of process and defendant's counsel's motion to withdraw. (Docket no. 42). On that date, the District Judge denied defendant's motion to dismiss for failure to effect service of process and granted defendant's counsel's motion to withdraw and indicated that orders would follow. (*Id.*). On May 3, 2016, the District Judge entered an order granting defendant's counsel's motion to withdraw. (Docket no. 44). Additionally, the District Judge entered an order that denied defendant's motion to dismiss, granted plaintiff's March 4, 2016 request for entry of default, and directed the Clerk of Court to enter a default against defendant pursuant to Federal Rule of Civil Procedure 55(a). (Docket no.

45).  The Clerk of Court entered the default of defendant in accordance with Rule 55(a) of the

Federal Rules of Civil Procedure on May 3, 2016.  (Docket no. 46).

On May 6, 2016, plaintiff filed the instant motion for default judgment (Docket no. 47),

exhibits in support (Docket no. 47-1), and a notice setting a hearing on the motion before the

undersigned for May 13, 2016 (Docket no. 48).  On May 9, 2016, plaintiff filed an affidavit of

Philip Livingston (Docket no. 49) ("Third Livingston Aff.") in support of the instant motion for

default judgment.  The instant motion for default judgment, supporting exhibits, and the notice of

hearing were served on the defendant by first-class mail through defendant's registered agent in

Tennessee, Wade W. Lemon, at Operational Wear Armor, LLC, 179 Mine Lane, Jacksboro, TN

37757-3926, and defendant's registered agent in Indiana, R. Wade Lemon, Jr., at Operational

Wear Armor, LLC, 5806 Coppock Drive, Indianapolis, IN 46221.  (Docket no. 47 at 8; Docket

no. 48 at 2).  On May 13, 2016, counsel for the plaintiff appeared at the hearing before the

undersigned and no one appeared on behalf of the defendant.

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default

judgment when "a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend." Fed. R. Civ. P. 55(a).  Based on the District Judge's instructions, the

Clerk of Court has entered a default as to defendant.  (Docket no. 46).

A defendant in default admits the factual allegations in the complaint.  *GlobalSantaFe*

*Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts

alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as

alleged state a claim.").  Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a

4

court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff alleges that this matter is properly brought in this court under 28 U.S.C. § 1332 based on complete diversity of citizenship and an appropriate amount in controversy. (Compl. ¶ 3).

Plaintiff Goldbelt Wolf, LLC is a limited liability company that is organized under the laws of the District of Columbia with its principal place of business in Alexandria, Virginia. (Compl. ¶ 1). Defendant Operational Wear Armor, LLC is a limited liability company that is organized under the laws of Indiana within its principal place of business in Jacksboro, Tennessee. (Compl. ¶ 2). Recognizing that for purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members, *see, e.g., Cent. West Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011), for the purposes of plaintiff's first motion for default judgment, the court requested the plaintiff provide additional information as to the membership of plaintiff and defendant. The additional information provided by the plaintiff shows that Goldbelt Wolf, LLC has two members: Goldbelt, Inc., a privately held corporation organized under the laws of Alaska with its principal place of business in Juneau, Alaska, and James Jones, a natural person and citizen of Virginia. (Second Livingston Aff. ¶ 2). In support of defendant's motion to set aside entry of default, on January 4, 2016, defendant submitted a declaration of R. Wade Lemon, Jr. ("Mr. Lemon"), the CEO of defendant Operational Wear Armor, LLC. (Docket no. 17-1 at 2–4) ("Lemon Decl."). Mr. Lemon indicated that the sole member of defendant Operational Wear Armor, LLC is

5

Mountain Defense Group, LLC, which has two individual members: Mr. Lemon and Nathan Raciborski. (Lemon Decl. ¶ 1). The additional information provided by the plaintiff indicates that Mr. Lemon and Nathan Raciborski are natural persons and citizens of Georgia and Wyoming, respectively. (Second Livingston Aff. ¶¶ 6, 8). Plaintiff's complaint also seeks a judgment in excess of $75,000. (Compl. ¶ 22). Given these uncontested allegations, it appears that this court has jurisdiction over the dispute pursuant to 28 U.S.C. § 1332.[1]

This court also has personal jurisdiction over the defendant because Virginia's long-arm statute authorizes the exercise of jurisdiction and defendant satisfies the "minimum contacts" test under the Due Process Clause of the Fourteenth Amendment. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). Specifically, as noted in the complaint, defendant submitted six purchase orders to plaintiff in this District and has caused injury in this District by an act or omission outside of this District. (Compl. ¶¶ 4, 19). Further, employees of the defendant have travelled to this District to discuss the contracts at issue in this action on numerous occasions. (Compl. ¶¶ 5–7). Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Virginia. (*Id.*).

---

[1] As the undersigned indicated in the Proposed Findings of Fact and Recommendations entered on December 18, 2015, the additional information provided by plaintiff provides the following ownership structure for defendant Operational Wear Armor, LLC:

> The sole member of defendant Operational Wear Armor, LLC is Mountain Defense Group, LLC, which has a corporate member, two individual members, and an owner of "preferred units." (Docket no. 12 ¶¶ 3–4). The corporate member is Mountain Defense Management, Inc., which is a corporation organized under the laws of Wyoming with its principal place of business in Jackson, Wyoming. (Docket no. 12 ¶¶ 4–5). The two individual members are R. Wade Lemon, Jr. and Larry W. Bonds, who are natural persons and citizens of Georgia and Indiana, respectively. (Docket no. 12 ¶¶ 4, 6, 7). Finally, the owner of "preferred units" is Nathan Raciborski, who is a natural person and citizen of Wyoming. (Docket no. 12 ¶¶ 4, 8).

(Docket no. 14). Under both the plaintiff's knowledge of defendant's ownership structure and Mr. Lemon's declaration, complete diversity exists between the plaintiff and defendant in this action.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

### Service

The court has previously found that service on defendant was effective no later than February 22, 2016 under Federal Rule of Civil Procedure 4(e)(1) and Virginia Code § 8.01-288. (Docket no. 43 at 7).

### Grounds for Entry of Default

On May 3, 2016, the court granted plaintiff's request for entry of default, having found that service of process was effective no later than February 22, 2016, and defendant failed to file a responsive pleading by March 2, 2016, as instructed by the court in its February 22, 2016 order. (Docket no. 43 at 7–8; Docket no. 45). Accordingly, the court directed the Clerk of Court to enter default against defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Docket no. 45). On May 3, 2016, the Clerk of Court entered default against defendant. (Docket no. 46).

### Liability

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendant is in default, it admits the factual allegations in the complaint. *See GlobalSantaFe Corp.*, 250 F. Supp. 2d at 612 n.3. The following facts are established by the complaint filed on October 2, 2015. (Compl.). Plaintiff Goldbelt is a limited liability company organized under the laws of the District of Columbia, with its principal place of business in Alexandria, Virginia. (Compl. ¶ 1). Defendant OpWear is a limited liability company organized under the laws of Indiana, with its

principal place of business in Jacksboro, Tennessee. (Compl. ¶ 2). Goldbelt and OpWear are contractors that supply military equipment to private contractors and public entities, and since at least January 2015, have been parties to a supply arrangement in which OpWear has placed multiple orders from Goldbelt, pursuant to written purchase orders. (Compl. ¶¶ 8–9).

On or about December 1, 2014, Mr. Lemon met with employees of Goldbelt in Woodbridge, Virginia to discuss mutual business opportunities. (Compl. ¶ 5). On January 8, 2015, OpWear placed four purchase orders with Goldbelt: purchase order ("PO") 1901, PO 1902, PO 1903, and PO 1904.[2] (Compl. ¶ 11). Following the receipt of these purchase orders, Goldbelt ordered the necessary equipment to fulfill the purchase orders from Mountain Defense Group, LLC ("Mountain Defense"), who is the producer of the equipment. (Compl. ¶¶ 10, 12). Goldbelt paid Mountain Defense for the equipment upon its order. (*Id.*). On February 19 and March 15, 2015, OpWear placed two additional purchase orders with Goldbelt: PO 1905 and PO 1906. (Compl. ¶ 13). Goldbelt again placed corresponding orders with Mountain Defense for the needed equipment and paid Mountain Defense in full upon its order. (*Id.*). Mountain Defense shipped the ordered equipment directly to OpWear, who has resold the products to Shellback Tactical, LLC. (Compl. ¶ 14).

On or about May 4, 2015, Jeff Schwartz ("Mr. Schwartz"), an OpWear employee, met with employees of Goldbelt in Fredericksburg, Virginia and discussed the payment of the purchase orders. (Comp. ¶ 6). On or about August 31 and September 29, 2015, Mr. Lemon and Mr. Schwartz met with employees of Goldbelt in Herndon, Virginia and discussed the payment of the purchase orders. (Compl. ¶ 7).

---

[2] As identified in the Proposed Findings of Fact and Recommendations entered on December 18, 2015, the complaint appears to incorrectly identify PO 1903 and 1904 as "PD1093 and PD1904." (*See* Docket no. 47-1 at 3-4) (containing purchase orders 1903 and 1904).

On September 1, 2015, Goldbelt issued an invoice to OpWear for the equipment delivered pursuant to the six purchase orders, which was due and payable on that date. (Compl. ¶ 15). OpWear has failed to pay the amount due on the September 1, 2015 invoice and has indicated that it does not intend to pay the invoice nor does it possess the financial resources to do so. (Compl. ¶ 16).

Given that the factual allegations alleged in the complaint are deemed admitted, the undersigned recommends a finding that plaintiff has established a claim for breach of contract.

## Measure of Damages

Plaintiff's complaint seeks judgment in the amount of $615,620.72, and any other relief, including costs, statutory penalties, and prejudgment interest, deemed just and proper. (Compl. at 4–5). Plaintiff's motion for default judgment, however, requests judgment only for the compensatory-damages amount of $615,586.39.[3] (Docket no. 47 at 6).

Under Virginia law, the required elements for proving breach of contract are: "(1) a legal obligation of a defendant to the plaintiff; (2) a violation or breach of that right or duty; and (3) a consequential injury or damage to the plaintiff." *Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 237 Va. 543, 379 (1989) (quoting *Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 13 (1969)). Plaintiff alleges that OpWear breached the six contracts entered into by the parties by its failure to pay plaintiff for the delivered equipment. (Compl. ¶¶ 17–22). Under the terms of

---

[3] The amount requested in plaintiff's motion for default judgment is less than that requested in the complaint because the complaint contains two errors, specifically, regarding PO 1901 and PO 1905. The complaint identifies that the amounts due on PO 1901 and PO 1905 are $118,776.72 and $202,446.30, respectively. (Compl. ¶¶ 11, 13). However, plaintiff's motion for default judgment, Philip Livingston's May 6, 2016 affidavit (Third Livingston Aff.), and copies of the purchase orders (Docket no. 47-1 at 1, 5) show that the amounts due on PO 1901 and PO 1905 are $118,722.39 and $202,466.30, respectively. While plaintiff notes its damages as both $615,620.72 and $615,586.39 in its motion for default judgment (Docket no. 47 at 6), the bolded amount in plaintiff's conclusion, $615,586.39, represents the correct total amount of the unpaid purchase orders.

Finally, because plaintiff has not requested additional relief in its motion for default judgment nor provided any argument regarding such relief, the undersigned magistrate judge is unable to make a recommendation as to any other relief beyond the compensatory damages requested in plaintiff's motion for default judgment.

the purchase orders, OpWear was required to make payment to Goldbelt for the ordered equipment upon its receipt by OpWear. (Compl. ¶ 17). Goldbelt fulfilled the purchase orders through its third-party supplier and satisfied its performance obligations under the purchase orders. (Compl. ¶¶ 14, 20). OpWear has breached the purchase-order agreements by failing to tender payment to Goldbelt. (Compl. ¶ 21).

Plaintiff's motion for default judgment and the May 6, 2016 affidavit of Philip Livingston allege that the total amount unpaid on the purchase orders is $615,586.39, comprising of PO 1901 ($118,722.39), PO 1902 ($56,185.00), PO 1903 ($72,923.70), PO 1904 ($7,491.00), PO 1905 ($202,466.30), and PO 1906 ($157,798.00). (Docket no. 47 at 6; Third Livingston Aff. ¶¶ 3, 4, 11).

Based on the foregoing, the undersigned magistrate judge recommends a finding that plaintiff has established a claim of breach of contract against defendant that entitles it to a judgment in the amount of $615,586.39.

### Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff Goldbelt Wolf, LLC and against defendant Operational Wear Armor, LLC in the amount of $615,586.39.

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Operational Wear Armor, LLC, c/o Wade W. Lemon, Registered Agent, 179 Mine Lane, Jacksboro, TN 37757-3926 and Operational Wear Armor, LLC, c/o R. Wade Lemon, Jr., Registered Agent, 5806 Coppock Drive, Indianapolis, IN 46221, the parties are notified that objections to this proposed findings of fact and recommendations

must be filed within fourteen (14) days of service of this proposed findings of fact and

recommendations and a failure to file timely objections waives appellate review of the substance

of the proposed findings of fact and recommendations and waives appellate review of any

judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 13th day of May, 2016.

/s/

John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

11